# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL M. BLAKELY, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO.: 7:22-CR-10-2 (LAG) |
| : | 7:24-CV-92 (LAG) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER

Before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Motion to Vacate) (Doc. 84) and Motion to Appoint Counsel (Doc. 85). For the reasons below, Petitioner's Motion to Vacate and Motion to Appoint Counsel are **DENIED**.

## BACKGROUND

On April 26, 2023, Petitioner was sentenced to 65 months incarceration followed by three years of supervised release after pleading guilty to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Docs. 48, 54, 64, 69). On March 29, 2024, the Court denied Petitioner's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 76). On July 29, 2024, Petitioner filed a Notice of Appeal regarding the Order denying the Motion for Sentence Reduction (Doc. 79), and on September 13, 2024, the Eleventh Circuit dismissed Petitioner's appeal for failure to prosecute (Doc. 83). On September 16, 2024, Petitioner filed a handwritten Motion to Vacate and Motion to Appoint Counsel. (Docs. 84, 85). On September 17, 2024, the Magistrate Judge ordered Petitioner to file a "complete Petition on [the] Court's standard form" within twenty-one days from the date of the Order. (Doc. 86). The Court received a recast petition from Petitioner on October 10, 2024; however, Petitioner failed to sign or date it. (Doc. 84-2 at 9; *see* Docket). On October 11, 2024, the Magistrate Judge directed

Petitioner to sign and date his recast petition and return the signed petition to the Court within fourteen days from the date of the Order. (Doc. 87). The Court received Petitioner's signed Motion to Vacate on October 29, 2024, and it was docketed at Doc. 84-4. (*See* Docket). On October 30, 2024, the Magistrate Judge ordered the Government to file an answer or other responsive pleading addressing Petitioner's claims. (Doc. 88). The Government timely responded on December 26, 2024. (Doc. 91). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.2, 7.3.1(A), 47.

## STANDARD OF REVIEW

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

## DISCUSSION

In the Motion to Vacate, Petitioner asserts one ground for relief—a change in controlling law. (Doc. 84-4 at 4). Petitioner further argues that the Motion is timely because "he just received the forms to pursue this matter[.]" (*Id.* at 8). The Government argues that Petitioner's Motion to Vacate should be denied because (1) it is untimely filed, (2) it is barred by the collateral-review waiver in his written plea agreement, and (3) the claim is procedurally defaulted and Petitioner is unable to show cause or actual innocence. (Doc. 91 at 3–10).

A one-year period of limitation applies to a motion filed under § 2255. The limitation runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A petitioner generally must file a § 2255 motion within one year of the date on which the judgment of conviction becomes final. "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000) (citation omitted). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A)(i). Here, the Court entered judgment on April 27, 2023. (Doc. 69). Thus, Petitioner's conviction became final on May 11, 2023. Petitioner did not file the Motion to Vacate until September 16, 2024—over a year after his conviction had become final. (*See* Docket).

Petitioner does not allege facts that would implicate the other three prongs. Specifically, Petitioner does not allege that an "impediment [was] created by governmental action in violation of the Constitution or laws of the United States," that a new right was "recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or that the factual basis for the motion was not available at the time when the conviction became final. *See* 28 U.S.C. § 2255(f)(2–4). Nor is Petitioner's contention that

3

he "just received the forms to pursue this matter" a sufficient basis for equitable tolling. *See Sandvik v. Unites States*, 177 F.3d 1269, 1271–72 (11th Cir. 1999) (per curiam). ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (citations omitted)). Therefore, Petitioner's Motion to Vacate is untimely.

Even if the Motion to Vacate was timely, to the extent Petitioner argues that the *Bruen* framework makes § 922(g)(1) unconstitutional, this contention fails. (Doc. 84-4 at 4); *see New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). After *Bruen*, the Eleventh Circuit rejected a defendant's Second Amendment challenge to § 922(g)(1). *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024) (*Dubois I*), *cert. granted, judgment vacated*, 145 S. Ct. 1041 (2025), *opinion reinstated by* 139 F.4th 887 (11th Cir. 2025) (*Dubois II*). The Eleventh Circuit recently confirmed its holding in *Dubois I*, that neither *Bruen* nor *Rahimi* abrogate *Rozier*, and, in *Dubois II*, again rejected the defendant's Second Amendment challenge to his conviction. *Dubois II*, 139 F.4th at 893–94. The Eleventh Circuit explained that it "require[s] clearer instruction from the Supreme Court before [it] may reconsider the constitutionality" of § 922(g)(1) and that *Rozier* remains binding. *Id.* at 894. Thus, Petitioner's argument that there has been a change in controlling law fails. Accordingly, Petitioner's Motion to Vacate (Doc. 84) is **DENIED**. To the extent Petitioner requests counsel to assist with the Motion to Vacate, Petitioner's Motion to Appoint Counsel (Doc. 85) also is **DENIED**.

A Defendant has no absolute right to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. § 2255(d). Rather, a district court must first issue a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(B). A COA may be issued only when a Defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A Defendant need not "show he will ultimately succeed on appeal"

4

because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller–El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Here, the Court finds that no reasonable jurist could conclude that Defendant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Accordingly, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate and Motion to Appoint Counsel are **DENIED**. The Court further **DECLINES TO ISSUE** a certificate of appealability.

**SO ORDERED**, this 7th day of November, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**